UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Joshua Ramson,<br><br>    Defendant. | No. 2:16-cr-113-GEB<br><br>**ORDER GRANTING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING** |

On August 15, 2016 Defendant Joshua Ramson filed a request for an evidentiary hearing arguing in his motion, inter alia, that "law enforcement had no basis to stop the vehicle" in which he was a passenger, and therefore the stop violated the Fourth Amendment's unreasonable seizure clause; and "[t]he Government has the burden to prove the basis for a warrantless stop. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1969)." Def.'s Mot. to Suppress ("Mot.") 2:2-4, ECF No. 32. Ramson also argues he was subjected to an illegal frisk following the stop. Mot. 2:11-14. The United States opposes the request, contending in its opposition brief that a police "report indicated [the vehicle was stopped because] the car's brake lights were not functioning properly[,]" and that Ramson was subsequently frisked for officer safety purposes. Opp'n to Mot. 1:23-25, 2:2-14, ECF No. 33.

However, Ramson supports his hearing request with

averments in his attached declaration, in which he declares he "noticed that the brake lights were working" during the previous five days in which he had been a passenger in the car. Decl. of Joshua Ramson ("Decl.") No. 2, ECF No. 32-1. Ramson also avers: "I noticed the lights worked because I was aware that I had an illegal item on my person, and I believed that police were likely to detain a vehicle for any violation if a passenger was a black male with dreadlocks." Decl. No. 3. Ramson also presents facts indicating that he should not have been frisked following the stop. Decl. Nos. 4-15.

      The Government opposes Ramson's averments with unsworn statements made by the Assistant United States Attorney in the Government's opposition brief. The Government's factual assertions in its brief do not constitute evidence. Therefore, Ramson's evidence is sufficient to justify an evidentiary hearing on the legality of the traffic stop and frisk.

      The parties shall seek to agree on a date and time for the evidentiary hearing that is available for scheduling. If no stipulated agreement is filed before noon on September 8, 2016, the scheduling matter will be discussed at 9:00 am on September 9, 2016.

      Dated: September 7, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge